UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| PHOENIX CATASTROPHE SERVICES LLC | CASE NO. 2:22-CV-01746 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| LOUISIANA MINIMALLY INVASIVE & ROBOTIC CONSULTANTS | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Counterclaim Pursuant to Rule 9 and 12(b)(6) Filed by Phoenix Catastrophe Services, LLC" (Doc. 10). Phoenix Catastrophe Services, LLC ("Phoenix") moves to dismiss Defendant, Louisiana Minimally Invasive & Robotic Consultants' ("LMIRC")[1] counterclaim. Phoenix maintains that LMIRC has failed to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and has failed to plead fraud with particularity under Federal Rule of Civil Procedure 9(b).

## INTRODUCTION

LMIRC owns property in Lake Charles, Louisiana.[2] The property was insured by Phoenix during the relevant time period.[3] On or about August 27, 2020, Hurricane Laura caused significant damage to the property.[4] On or about October 9, 2020, Hurricane Delta

---

[1] LMIRC owns a surgery center in Lake Charles.
[2] Complaint, Doc. 1, ¶ 9.
[3] *Id.* ¶ 10.
[4] *Id.* ¶ 12.

caused more damage to the property.[5] LMIRC notified its insurer, State Farm, of both claims.[6]

LMIRC and Phoenix entered a "Direct Pay & Service Authorization" contract (the "contract") which obligated Phoenix to perform restoration and repair work on the property caused by Hurricane Laura.[7] After Hurricane Delta caused further damage, LMIRC and Phoenix entered another contract which obligated Phoenix to perform restoration and repair work on the property caused by Hurricane Delta.[8] The contracts authorized State Farm to pay Phoenix directly for the restoration and repair work Phoenix performed under the contracts, and also authorized Phoenix to exclude LMIRC's name from all drafts.[9]

The contracts obligated LMIRC to "pay to [Phoenix] in full any deductible in accordance with [LMIRC's] insurance policy and any and all services rendered that are not paid or refused to be paid by the insurance company for any reason."[10] The contracts obligated LMIRC to pay in full upon completion of the work, within 30 days of the invoice date; invoices not paid within 30 days are subject to a 1.5% monthly charge.[11]

The contracts also obligated LMIRC to pay third-party "requisitioned services by [Phoenix] required to fulfill the scope of work with all industry standard markup costs."[12] The contracts also state that both Phoenix and LMIRC waive their right to a trial by jury.[13]

---

[5] *Id.* ¶ 15.
[6] *Id.* ¶ 13.
[7] *Id.* ¶ 16.
[8] *Id.* ¶ 17.
[9] *Id.* ¶¶ 18 and 19.
[10] *Id.* ¶ 20.
[11] *Id.* ¶¶ 21 and 22.
[12] *Id.* ¶ 23.
[13] *Id.* ¶ 25.

Phoenix alleges that it performed all of the restoration and repair work on the property,[14] and that the total cost of that work was $696,895.60.[15]

As of April 2021, State Farm and/or LMIRC had paid Phoenix a total of $484,547.11, leaving a remaining balance of $212,328.49.[16] Phoenix filed the instant Complaint for breach of contract for the remaining balance allegedly owed.

In its Answer, Affirmative Defenses & Counterclaim, LMIRC asserts that the contracts are null and void, and unenforceable because Phoenix was not a licensed contractor in the State of Louisiana.[17] LMIRC alleges that because the contracts are null and void, Phoenix's recovery is either not allowed, or limited to *quantum meruit*.[18]

LMIRC alleges that the Phoenix invoices for work performed at the surgery center are "inaccurate and/or fraudulent in that they contain charges for labor which was not performed and/or not needed at the site, charges for equipment that was not used at the site and/or which was not necessary for the performance of the work, charges which were improperly inflated based on inaccurate and/or fraudulent designations of laborers at high pay classifications and inaccurate and/or fraudulent designation of material/equipment costs, and other practices which constitute price gouging following a natural disaster in violation of Louisiana Revised Statute 29:732.[19] LMIRC seeks to recover the amount of

---

[14] *Id.* ¶ 26.
[15] *Id.* ¶ 27.
[16] *Id.* ¶¶ 28 and 29.
[17] Doc. 6, ¶¶ 36-41, Counterclaim ¶ F.
[18] *Id.* ¶ 42.
[19] Doc. 1 ¶ 43; Doc. 6, ¶ P.

payments that have been made that exceed the amount that Phoenix is entitled to recover on a *quantum meruit* basis.[20] LMIRC requests a jury trial.[21]

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Phoenix moves to dismiss the following counterclaims asserted by LMIRC: (1) *quantum meruit* damages; (2) fraud; and (3) price gouging pursuant to Louisiana Revised Statute 29:723.

---

[20] *Id.* ¶ S.
[21] *Id.* ¶ V.

Phoenix argues that because State Farm paid the invoice amounts directly to Phoenix, LMIRC has no damages, and therefore, fails to state a claim for *quantum meruit* damages. Next, Phoenix argues that the Counterclaim fails to allege with particularity its fraud claim pursuant to Federal Rule of Civil Procedure 9(b). Finally, Phoenix argues that the price gouging claim must be dismissed because under Louisiana Revised Statute 29:732, there is no private right under the statute. LMIRC agrees that there is no private right of action under this statute and further advises the Court that it did not assert a claim for price gouging.

*Failure to state a claim*

Under the theory of *quantum meruit*, one would be entitled to "the actual costs of its materials, labor and services, without recovery of any profit or overhead expenses." *Quaternary Res. Investigations, LLC v. Phillips*, 316 So.3d 448, 462 (La.App. 1 Cir. 11/19/20) (*citing Boxwell v. Dep't of Highways*, 14 So.2d 627, 632 (La. 1943)).

Phoenix argues that it is not required to have a contractor's license for two reasons: (1) it only performed dewatering services which is excluded from the requirement of a contractor's license, and (2) "because Governor Edwards declared a state of emergency after Hurricanes Laura and Delta, and GOHSEP implemented the Compact, reciprocity applies and Phoenix was not required to obtain a Louisiana contractor license."[22]

As noted by LMRIC, under a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Procedure, all of LMRIC's allegations are taken as true and construed in

---

[22] Doc. 10-1, p. 7.

the light most favorable to LMIRC. LMIRC alleges that Phoenix, who did not obtain a state of Louisiana contractor's license and yet performed both restoration and repair work on LMIRC's surgery center, was required to have a Louisiana contractor's license. Phoenix's statement that it was not required to have such a license is not sufficient for this Court to dismiss LMIRC's claim pursuant to a 12(b)(6) motion.

Phoenix argues that because LMIRC authorized State Farm to pay Phoenix directly, LMIRC has no damages. Phoenix correctly points out that LMIRC's Counterclaim does not allege facts concerning the limited power of attorney, and that Phoenix was acting as LMIRC's agent when it received payments form State Farm. However, the Court does not deem LMIRC's admission that it did not pay any of the $484,547.11 to Phoenix, rather State Farm paid these amounts, as an admission that LMIRC suffered no damage.

First, LMIRC argues that because Phoenix was not a licensed contractor, the contracts are null and void. Next, LMIRC asserts that the payments were for work performed for LMIRC and were paid on behalf of LMIRC from a contract of insurance in favor of and paid for by LMIRC and were accepted and deposited by Phoenix as agent of LMIRC.

LMIRC further remarks that it did not have an insurance policy with unlimited coverage, and that the excessive amounts charged by Phoenix will reduce its coverage amounts thereby reducing the remaining policy amounts to repair its property. Thus, LMIRC's damage would be its inability to complete all repairs to its property because of the policy limits and due to the alleged exorbitant charges by Phoenix. The Court is persuaded that if properly alleged, LMIRC could be damaged by Phoenix's charges for the

work performed, should it be found that they were excessive and/or improper. The Court is not deciding that here. However, as correctly pointed out by Phoenix, these allegations are not in the Counterclaim. Considering the allegations in the Counterclaim as true, the Court is not persuaded that dismissal is appropriate and will permit LMIRC to amend its Counterclaim to allege sufficient facts as to its arguments concerning its damages, and any facts LMIRC deems necessary to support its argument that Phoenix was required to have a state of Louisiana contractor's license.

*Fraud*

Phoenix moves to dismiss LMIRC's fraud claims. Under Rule 9(b) of the Federal Rules of Civil Procedure, Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Federal Rule of Civil Procedure 9(b); *see also Bonvillain v. LLE*, 702 F.Supp.2d 667, 678 (E.D. La. 2010). In the Fifth Circuit, pleading fraud with particularity requires "time, place, and contents of the false representations, as well as the identity of the person making the representations and what that person obtained thereby." *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (internal quotation marks and other punctuation omitted).

In sum, to meet the heightened pleading standard for fraud, the plaintiff is required to plead the who, what, when, where, and how of the alleged fraud. *Benchmarks Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). An action for fraud against a party to a contract requires: (1) "a misrepresentation, suppression, or omission of true information; (2) "the intent to obtain an unjust advantage or to cause damage or inconvenience to another;" and (3) that the error induced by the fraudulent act relates to a

circumstance that substantially influenced the victim's consent to the contract. *See e.g., Petrohawk Props., L.P. v. Chesapeake La., L.P.,* 689 F.3d 380 (5th Cir. 2012) (*citing Shelton v. Standard/700 Assocs.*, 798 So.2d 60, 64 (La.2001)).

Here, LMIRC alleges that Phoenix submitted invoices for its work at LMIRC's surgery center that were "fraudulent in that they contain charges for labor which was not preformed and/or not needed at the site, charges for equipment that was not used at the site and/or which was not necessary for the performance of the work, charges which were improperly inflated based on inaccurate and/or fraudulent designations of laborers at high pay classifications and inaccurate and/or fraudulent designation of material/equipment costs, and other practices which constitute price gouging following a natural disaster in violation of Louisiana Revised Statute 29:732."[23]

Phoenix complains that LMIRC's allegations are not based on specific knowledge, but only "[o]n information and belief,"[24] and that LMIRC's allegations are too general and/or broad, and thus fall short of the particularity of the circumstances constituting fraud. Again, considering that LMRIC's allegations must be taken as true and in the most favorable light, the Court is not persuaded by Phoenix's arguments at this time to dismiss the fraud allegations. This case is in its infancy, and very little if any discovery has been conducted. Furthermore, when there is an allegation of fraud, one can presume that discovery of the fraud would be more complex and/or difficult to obtain due to its intended hidden nature. Considering the serious nature of the allegations made by LMIRC, the Court

---

[23] Doc. 1 ¶ 43; Doc. 6, ¶ P.
[24] *Id.*

will allow the parties to conduct discovery, and then permit LMIRC to amend its Counterclaim to allege more facts, if any are discovered.

## CONCLUSION

For the reasons expressed herein, the Motion to Dismiss Counterclaim Pursuant to Rule 9 and 12(b)(6) Filed by Phoenix Catastrophe Services, LLC (Doc. 10) will be denied and LMRIC will be allowed to amend its Counterclaim to address the Court's concerns herein.

**THUS DONE AND SIGNED** in Chambers on this 1st day of September, 2022.

*/s/ James D. Cain, Jr.*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**