UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**PHOENIX CATASTROPHE**        :        **CIVIL ACTION NO. 2:22-CV-01746**
**SERVICES LLC**

**VERSUS**        :        **JUDGE JAMES D. CAIN, JR.**

**LOUISIANA MINIMALLY INVASIVE &**
**ROBOTIC CONSULTANTS LLC**        :        **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the court are a Motion to Compel Discovery [doc. 30] and a Supplemental Motion to Compel Discovery [doc. 32], both filed by defendant and counterclaim plaintiff Louisiana Minimally Invasive & Robotic Consultants, LLC ("LMIRC"). The motions are opposed by plaintiff and counterclaim defendant Phoenix Catastrophe Services, LLC ("Phoenix"). Doc. 37. LMIRC has replied [doc. 41], making these motions ripe for resolution. For reasons set forth below, the court finds that the motions should be **GRANTED IN PART** and **DENIED IN PART**.

### I.
#### BACKGROUND

This dispute arises from LMIRC's alleged failure to pay Phoenix for dewatering services allegedly performed after Hurricane Laura and Hurricane Delta. Doc. 26. LMIRC filed a counterclaim asserting that Phoenix performed restoration and repair work, not dewatering services, and did so without a Louisiana contractor's license. Doc. 47, ¶ P. LMIRC further claims that Phoenix fraudulently inflated hours worked to raise charges billed to LMIRC. *Id.* at ¶¶ V–X.

The instant motions concern interrogatories and requests for production propounded upon Phoenix. Docs. 30, 32. Specifically, LMIRC asks us to compel Phoenix's response to five discovery requests [doc. 30, att. 3, pp. 5–7]:

> **Interrogatory No. 1:**
>
> Please identify, by name, address, email address and telephone number, every person who worked for Phoenix Catastrophe Services, LLC (direct employee or otherwise) and performed work at LMIRC's Surgery Center.
>
> **Interrogatory No. 3:**
>
> Please identify, by name, address, email address and telephone number, every person and/or business in Calcasieu Parish that Phoenix Catastrophe Services, LLC provided any work or services for/to following Hurricane Laura and Hurricane Delta.
>
> **Request for Production No. 1(a):**
>
> All employee information for Phoenix Catastrophe Services, LLC's employees (or other workers) who worked on the project at issue, including time sheets/time cards, payroll withholding forms, pay checks, check stubs, employee benefit information, resumes, employment applications and any other documents relating to employees or people who worked on the project at issue.
>
> **Request for Production No. 1(e):**
>
> All project documents used, maintained or compiled by Phoenix Catastrophe Services, LLC for the purpose of tracking its performance, work done, job staffing, job costs and payroll, job expenses incurred, or any other aspect of the work.
>
> **Request for Production No. 1(f):**
>
> ALL DOCUMENTS relating to communications or correspondence to or from LMIRC or State Farm that related to any aspect of the project at issue or the project invoices and payment of same.

Phoenix opposes the motions claiming it has provided all responsive documents, that the other information sought is not relevant, and that LMIRC is on a fishing expedition. Doc. 37. In its reply [doc. 41], LMIRC responds that the information sought is critical and discoverable and is relevant to its fraud counterclaim. Phoenix filed a sur-reply [doc. 51], and LMIRC filed a sur-sur-reply [doc. 52].

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. An evasive or incomplete answer or response must be treated as a failure to answer or respond. FED. R. CIV. P. 37(a)(4). "For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc.*, No. 6:13-cv-419, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2-08-cv-158, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010)) (brackets in original). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.*

### A. *Consideration of Individual Discovery Requests:*

#### 1. *Interrogatory No. 1*

LMIRC argues that this interrogatory seeks relevant information about Phoenix's alleged fraudulent billing. Phoenix responds that it identified "54 of its employees" who worked on the LMIRC job, all of whom can be contacted through Phoenix's attorneys. Doc. 37, p. 13. LMIRC persists that Phoenix should have to identify which of those employees are still actively employed by Phoenix and furnish the contact information of those who are not still Phoenix employees. Doc. 41, p. 2.

Phoenix, for the first time on sur-reply, claims that all but one of the workers on the LMIRC job (all of whom Phoenix previously referred to as its employees) were contracted out from an unspecified labor supply company; thus, Phoenix does not have their contact information. Doc. 51, p. 2. The one exception is an unidentified current Phoenix employee, whose contact information is not discoverable. *Id.* LMIRC argues that these claims are a huge departure from Phoenix's previous position that all workers on the LMIRC job were direct employees of Phoenix. Doc. 52, p. 1. According to LMIRC, this new position by Phoenix provides ample reason for us to require Phoenix to provide all contact information it has for workers on the LMIRC job and the name of the newly disclosed "labor supply company." *Id.* at pp. 1–2.

We agree with LMIRC, except as to the current Phoenix employee. *See Jenkins v. Wal-Mart Stores, Inc.*, 956 F. Supp. 695 (W.D. La. 1997) (explaining that ex parte contact by one party with another party's current employee is prohibited by Rule 4.2 of the Louisiana Rules of Professional Conduct).

Thus, we **GRANT** the motion to compel a response to Interrogatory No. 1, as it applies to the non-employee workers. However, we **DENY** the motion as to contact information of the

current Phoenix employee, subject to the requirement that Phoenix make him or her available for depositions upon reasonable notice. Further, Phoenix must supplement its answer to this interrogatory, per Federal Rule of Civil Procedure 26(e), if this person ceases being a Phoenix employee. Specific instructions for Phoenix's response are detailed in the Conclusion.

### 2. *Interrogatory No. 3*

This interrogatory seeks the contact information of Phoenix's other clients in Calcasieu Parish for whom Phoenix provided services after Hurricane Laura and Hurricane Delta. LMIRC claims this information is tailored to identify relevant, admissible evidence supporting its fraud allegations against Phoenix. Doc. 32, att. 1, p. 4. LMIRC believes that contacting other clients in Calcasieu Parish will lead to evidence that Phoenix was billing multiple clients for the same employees and/or equipment at the same time. *Id.* Phoenix asserts that these arguments do not make the discovery request relevant because they are not alleged in LMIRC's affirmative defense and counterclaim. Doc. 37, p. 18. Phoenix then concludes that interrogatory number 3 is a fishing expedition prohibited by Federal Rule of Civil Procedure 9(b). *Id.*

We disagree with Phoenix. In its answer to the amended complaint, LMIRC asserts as part of its affirmative defense and counterclaim that Phoenix submitted inaccurate and/or fraudulent invoices for labor not performed at LMIRC and for equipment not used at LMIRC, among other things. Doc. 6, ¶ 43 & ¶ P. Furthermore, LMIRC gave specific examples of Phoenix's alleged fraudulent activities, including double billing, in its answer to Phoenix's amended complaint. Doc. 47, ¶¶ U–X. Interrogatory No. 3 is not a prohibited fishing expedition because the information sought could lead to the discovery of admissible evidence in support of the counterclaim detailed in this paragraph. Thus, the motion to compel is **GRANTED** as to Interrogatory No. 3.

### 3. *Request for Production No. 1(a)*

LMIRC asserts that this request seeks "relevant information to determine whether Phoenix did in fact employ the specific workers and pay them in accordance with the hours and job classification that Phoenix billed LMIRC." Doc. 30, att. 1, p. 7.  Phoenix counters that the records are not relevant because LMIRC does not allege that Phoenix's employees were unqualified or that they negligently performed dewatering services. Doc. 37, p. 15.  We agree with LMIRC.

Phoenix's inconsistencies in pleading the employment status of the 54 individuals named in response to Interrogatory No. 1 (as detailed above) have called such status into question. Phoenix could and should have provided definitive information as to each person's employment status.  To help LMIRC confirm the employment status of the individuals who worked on the project at issue, Phoenix must provide information responsive to this request for production with appropriate redactions for social-security numbers, taxpayer-identification numbers, birth dates, the names of minors, financial account numbers, medical records, and any other personal information that counsel for the parties can agree is private or is not necessary. *See* FED. R. CIV. P. 5.2.  Thus, the motion is **GRANTED** as to Request for Production No. 1(a).

### 4. *Request for Production No. 1(e)*

LMIRC also requests all project documents used to track the progress and cost of work performed for this project.  LMIRC argues these documents are relevant because LMIRC contests the legitimacy of Phoenix's invoices in its affirmative defense and counterclaim [doc. 47]. Doc. 30, att. 1, p. 7.  Phoenix claims it already produced all documents of which it is aware that are responsive to this request and that other potentially responsive documents were accidentally destroyed while being transported back to Phoenix's office in Oklahoma.  This information was provided in Phoenix's supplemental discovery responses [doc. 37, att. 4, p. 7; doc. 37, att. 6, p. 7].

Doc. 37, p. 16. Phoenix also alleges that, before the documents were destroyed, Phoenix gave LMIRC thumb drives with scanned copies of all back-up documentation related to the services it provided. *Id.* at p. 17.

As we note above, Phoenix claims it has provided all relevant documents it has or had in its possession. LMIRC questions the legitimacy of Phoenix's claims that the files were accidentally destroyed but has not provided us with any evidence that the destruction was intentional; however, that does not alter the fact that the discovery request has been completed (according to Phoenix). Thus, the motion is **DENIED** as to Request for Production No. 1(e) because, according to Phoenix's discovery responses, all responsive documents have been produced.

### 5. *Request for Production No. 1(f)*

This request seeks all documents relating to communications between Phoenix and LMIRC or State Farm (LMIRC's insurer). LMIRC claims these communications are "relevant to demonstrating the truth of LMIRC's defenses and claims" about Phoenix's invoicing and receipt of payment from State Farm. Doc. 30, att. 1, p. 8. Phoenix again claims that it already produced all documents responsive to this request and that any other potentially responsive documents were accidentally destroyed. Doc. 37, p. 16. Thus, the motion is **DENIED** as to Request for Production No. 1(f) because, according to Phoenix's responses, all responsive documents have been produced.

### B. *Attorney's Fees and Costs*

LMIRC seeks to recover reasonable expenses and attorney's fees incurred in the preparation and filing of the instant motions. Doc. 30, att. 1, p. 9; doc. 32, att. 1, p. 6. We must award fees and costs if a motion to compel is granted or if requested discovery responses are provided after the motion to compel is filed, but we are not required to award fees and costs if

other circumstances make an award of those expenses unjust. FED. R. CIV. P. 37(a)(5)(A). If the motion is granted in part and denied in part, Rule 37(a)(5)(C) makes awarding expenses discretionary.

In this case, Phoenix responded to LMIRC's discovery requests and supplemented its responses three times before the instant motions were filed. *See, e.g.*, doc. 30, att. 5; doc 37, atts. 4–5. Though Phoenix did respond to the discovery requests after the motions were filed, it only did so to supplement responses already given. *See* doc. 37, att. 6.

Considering the foregoing, we find that the circumstances make it unjust to award attorney's fees and costs. Accordingly, the request for attorney's fees and costs is **DENIED.**

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's Motion to Compel Discovery [doc. 30] and Supplemental Motion to Compel Discovery [doc. 32] be **GRANTED IN PART** and **DENIED IN PART**.

The court **GRANTS** the motion as to Interrogatory No. 1 [Doc. 30, att. 3, p. 5], as it applies to workers not employed by Phoenix, and **DENIES** as it applies to current employees of Phoenix. Thus, PHOENIX CATASTROPHE SERVICES, LLC ("PHOENIX") is ORDERED to respond to Interrogatory No. 1 according to the following:

(1) Specifically identify each of the 54 named individuals as either a direct employee or a contracted worker and

(2) Provide the employment dates of the direct employee and

(3) As to the contracted workers from the "labor supply company," provide the name of their employer and any other information necessary to contact that employer about those workers and

    (4) State whether, at this time, PHOENIX intends to exercise privilege as to any of the listed individuals.

The court **GRANTS** the motion as to Interrogatory No. 3 [Doc. 30, att. 3, p. 5] and Request for Production No. 1(a) [Doc. 30, att. 3, p. 6]. IT IS THUS ORDERED that PHOENIX provide full and complete responses to LMIRC's Interrogatory No. 3 and Request for Production No. 1(a).

The court **DENIES** the motion as to Requests for Production Nos. 1(e) and 1(f) [Doc. 30, att. 3, p. 7] because, according to Phoenix's discovery responses, all responsive documents have been produced.

The court **DENIES** the request for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5).

THUS DONE AND SIGNED in Chambers this 13th day of January, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE